### TYLER BIGELOW *versus* The Inhabitants of WESTON

owns are liable to an individual, under *St.* 1786, *c.* 81, § 7. [See Revised Stat. *c.* 25, § 22,] for an injury occasioned by an incumbrance in the road, (as by large stones being left in it,) as well as for one occasioned by any defect in the road.

THIS was an action on the case, founded upon *St.* 1786, . 81, § 7, to recover double damages for an injury sustained by the plaintiff in having his chaise overturned and broken,    **268** by reason of a certain highway in Weston being suffered to be out of repair and incumbered and obstructed by several large stones placed and left upon it.

The statute provides, that if any person shall receive any injury " through any defect or want of necessary repair and amendment of any highway," &c., he may recover of the county, town, &c., who are by law obliged to keep it in repair, in case they had reasonable notice of the defect, double the damages thereby sustained.

On the trial in the Court of Common Pleas, upon the general issue, it appeared that a small wooden bridge in Weston being supposed to require rebuilding, the selectmen determined to rebuild it with stone, and entered into a contract with one

VOL. III.                      37        25              289

*Bigelow*
*v.*
*Weston.*

Converse Bigelow for furnishing the stone and rebuilding the bridge. This agent procured several large stones to cover the bridge, which he placed at each side of it as far out of the travelled path as they could be without being exposed to fall from the causeway, which there formed the road. The stones thus placed left only eleven feet and a half in breadth for carriages to pass between them, and as the plaintiff was passing in his chaise early in the evening, his horse sheared from the stone placed on the right hand side of the bridge, and ran over another on the left, by which his chaise was overturned and broken.

The defendants contended, that by the statute they were liable for such injuries only as arose from neglect to repair the roads, or from the decay of the roads or bridges. But *Strong* J. instructed the jury, that they were liable for injuries occasioned by stones or other obstructions or incumbrances laid or suffered to remain in and upon such roads.

The jury found a verdict for the plaintiff, and the defendants thereupon filed their exceptions to this direction.

*Oct. 13th.* *Stearns* now insisted upon the distinction taken below, between a defect and an incumbrance, remarking that a cart left in the road would be an incumbrance, as much as a stone, yet it would not subject the town to a prosecution. In England an individual is often obliged to keep a road in repair ; but if he should be indicted for suffering an incumbrance, and it should only appear that the road was out of repair, or *vice versâ*, the proof would not support the indictment. A town is liable for negligence only, but this accident was occasioned by a laudable precaution on the part of the defendants.

*Hoar, contrâ*, admitted that a town might take up a bridge and carry materials to the place to rebuild it, and leave them in the road so long as should be necessary for that purpose,[1] but he said this action was brought because these stones had been left in the road an unreasonable length of time.

*Oct. 17th.* *Per Curiam.* By the statute, towns are bound to keep in repair and amend highways, &c., so that they may be safe and convenient for travellers, and are liable for an injury to any

---

[1] See *Commonwealth* v. *Passmore,* 1 Serg. & Rawle, 219 ; 3 Chittv's Crim. Law, (3d Amer. ed.) 607 notes

person occasioned through any defect or want of necessary repair and amendment. It is said that want of repair can apply only to some defect in the road, such as is caused by travelling, and not to an obstruction ; but it is difficult to make the distinction. Trees may fall across a road without the agency of any individual. It should seem that the town, upon proper notice, is as much bound to remove them as to repair any defect.[2] The exceptions therefore are not well taken.

Bigelow
v.
Weston.

*Judgment affirmed.*

[2] By the Revised Statutes, any person who is injured in his person or property by reason of any defect or want of repair, which has existed for twenty-four hours, in any highway, town-way, causeway, or bridge, may recover the amount of damage sustained thereby ; if the person or body liable had reasonable notice of the defect or want of repair, the party injured may recover double damages. Revised Stat. *c.* 25, § 22. A town becomes responsible for an injury occasioned by a defect in a highway, from the time when the way is opened for public travel. *Bliss* v. *Deerfield*, 13 Pick. 102.

A way is sufficiently shown to be a highway, by proof that it has been known and used as a highway for forty years, and during that time has been repaired by the town in which it is situated. *Reed* v. *Northfield*, 13 Pick. 94. See *Canday* v. *Lambert*, 2 Root, 173. Ten years user of a way by the inhabitants of a town, is not sufficient to oblige them to keep it in repair. *Estes* v. *Troy*, 5 Greenl. 368. But it seems a user of twenty years, and perhaps a shorter period, would impose such obligation *Todd* v. *Rome*, 2 Greenl. 55. See *Hinckley* v. *Hastings*, 2 Pick. (2d ed.) 164, notes ; 3 Chitty's Crim. Law, (3d Amer. ed.) 566, n. (A.)

What is reasonable notice to a town, of the existence of a nuisance in the highway, is a question of law. *Springer* v. *Bowdoinham*, 7 Greenl. 442. Notice to a town, of a defect in a highway, may be presumed from the notoriety of the defect, and its continuance for such a length of time, that the proper officers of the town, with due vigilance and care, might have known of it. *Reed* v. *Northfield, ubi supra.*

The fact that a person injured through a defect in a highway had previous knowledge of the defect, is not conclusive evidence of negligence on his part, id. Yet towns are not liable for injuries which occur on highways, though they are so low as to be overflowed, if it was imprudent to pass them in such a condition, or if they were passed unskilfully. *Farnum* v. *Concord*, 2 N Hamp. R. 392.